UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FCA US LLC,

                Plaintiff,

v.

SPITZER AUTOWORLD
AKRON, LLC,

                Defendant.

Case No. 22-11930
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO QUASH SERVICE, DISMISS, AND/OR TRANSFER (ECF NO. 5)**

      This action emerges from a dispute between an automobile manufacturer, plaintiff FCA US LLC, and an automobile dealer, defendant Spitzer Autoworld, LLC over a letter of intent (LOI) that FCA issued to Spitzer which provided for the establishment of a dealership. ECF No. 1. FCA seeks a declaratory judgment that the LOI is extinguished and that FCA has no obligation to enter into any dealer agreement with Spitzer. *Id.* at PageID.4-5, 8-10.

      Before the Court is Spitzer's motion to quash service and to dismiss the complaint for lack of venue or, in the alternative, transfer the case to the Northern District of Ohio. ECF No. 5. The motion is fully briefed. ECF No. 6,

7.[1] The Court will determine this motion without a hearing. E.D. Mich. L.R. 7.1(f)(2).

The Court first considers Spitzer's contention that venue is improper in this district. FCA's complaint alleges venue is proper in this district under 28 U.S.C. Section 1391(b)(3) because Spitzer is subject to the Court's personal jurisdiction with respect to this action. ECF No. 1, PageID.3. Section 1391(b)(3) provides that an action may be brough in any district that has personal jurisdiction over any defendant, but only if venue cannot be established under Section 1391(b)(1) and 1391(b)(2). 28 U.S.C. § 1391(b)(3).

Section 1391(b)(3) does not apply in this case, as venue can be established under Section 1391(b)(1). Section 1391(b)(1) provides venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *Id.* at § 1391(b)(1). This action could have been brought in the Northern District of Ohio, where Spitzer resides and where most of the events giving rise to this

---

[1] FCA's response brief also asks the Court to impose sanctions against Spitzer for refusing to waive service and moving to quash service. This request is legally dubious, and moreover, it is improvidently filed, as this Court's local rules prohibit parties from filing a counter motion within a response brief. E.D. Mich. Electronic Filing Policies and Procedures R5(f). This request is stricken.

litigation occurred. See ECF No. 1, PageID.2-11. This renders Section 1391(b)(3) inapplicable here. Venue is not proper under this provision in this district.

FCA stated in its response that it intended to invoke Section 1391(b)(1) as a basis for venue. ECF No. 6, PageID.77. Venue in this district is proper under this provision if FCA can establish that Spitzer resides in this district. 28 U.S.C. § 1391(b)(1). However, FCA's complaint does not allege that Spitzer resides in Michigan. In fact, it asserts that Spitzer is a resident of Ohio. ECF No. 1, PageID.2. FCA thus failed to properly invoke Section 1391(b)(1) or plead facts supporting its applicability in the complaint.

FCA has not sought leave to amend its complaint. Instead, FCA attempts to cure this deficiency in its pleadings by raising a new claim in its response brief: that Spitzer is a Michigan resident under 28 U.S.C. § 1391(2)(c) because it is an entity with the capacity to sue and be sued and is subject to personal jurisdiction in this district. ECF No. 7, PageID.78. This attempt is unavailing. FCA bore the burden of establishing in its complaint that venue is proper in this district. It did not do so. FCA then had the opportunity to seek leave to amend its complaint. It did not do so. It may not now attempt to supplement its deficient pleadings with new allegations

raised in a response brief. The Court declines to consider this argument.

FCA also argues that a provision in a subsequent contract between the parties (the "Stay Agreement") operates as a forum selection clause, and that this clause establishes that venue is proper in this district. This argument fails, because the Court is not persuaded this provision is in fact a mandatory forum selection clause. The provision reads, "[a]ll Parties [to the Agreement] consent and submit to the personal jurisdiction of the United States District Court for the Eastern District of Michigan for any dispute relating to this Agreement." ECF No. 1, PageID.3. It makes no mention of venue.

Forum selection clauses enforced by courts are generally explicit in stating that any suit must be brought in a particular venue, including in the authorities on which FCA attempts to rely. *See, e.g.*, *Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F. Supp. 3d 558, 566-67 (M.D. Tenn. 2020), *aff'd sub nom. Ingram Barge Co., LLC v. Bunge N. Am., Inc*, 852 F. App'x 1029 (6th Cir. 2021) (enforcing a forum selection clause that read, "Any dispute arising from this Contract, the applicable bill of lading, or the performance of Carrier or Shipper's obligations under either this Contract or the applicable bill of lading must be brought in the U.S. District Court for the Middle District of Tennessee. Each party hereby irrevocably waives any

objection to personal jurisdiction or venue therein."). This agreement contains no such provision. That Spitzer consented to personal jurisdiction in this district does not necessarily mean that Spitzer agreed that this district would be the mandatory venue for any disputes arising under the LOI and/or Stay Agreement. While this provision is indeed a legitimate waiver of personal jurisdiction, the Court is not convinced it is also a legitimate forum selection clause.

Altogether, FCA has not met its burden to show venue is proper in this district under Section 1391. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. The Court finds it appropriate to dismiss rather than transfer this case, as plaintiff opposed transferring the case in its response brief and should therefore be afforded the opportunity to decide whether to refile its claims and in which district.

Accordingly, the complaint is **DISMISSED** without prejudice.

The Court does not reach Spitzer's arguments regarding service of process as they are rendered moot by dismissal.

**IT IS SO ORDERED**.

Dated: May 10, 2023

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge